UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LATOSHIA McCANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:    3:21-cv-111 |
| | ) |
| DEACONESS HOSPITAL, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

1. Plaintiff, Latoshia McCann ("McCann"), brings this Complaint against Defendant, Deaconess Hospital, Inc., ("Defendant"), for its discriminatory actions toward her based on her, race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq.

**II. Parties**

2. McCann is a citizen of the United States and has resided within the State of Indiana at all relevant times hereto.

3. Defendant is a domestic non-profit corporation who conducted business within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

**III. Jurisdiction and Venue**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. McCann, at all times relevant, has been an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. McCann satisfied her obligation to exhaust her administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge Nos. 24C-2020-00079 alleging race discrimination. McCann received her Notices of Suit Rights and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this court is proper.

### IV. Factual Allegations

9. McCann, who is African-American, was hired by the Defendant on or about April 20, 2020, as an Access Center Scheduler. McCann was paid $16.41 per hour and worked 40 hours per week and worked an average of 5 overtime hours per week.

10. At all times relevant, McCann met Defendant's legitimate performance expectations.

11. During her entire tenure, McCann was not trained and treated the same as similarly-situated Caucasian co-workers.

12. For example, due to the pandemic, McCann and her co-workers were working remotely. Another employee, who is Caucasian, who started the same time as McCann, Amy [last name unknown], was provided a laptop computer while McCann was denied the same. McCann asked for a laptop and was told she would not be given one until she had worked for 6 months; however, several other Caucasian employees who started after McCann were given a laptop.

13. Additionally, McCann was provided little training – if any – while Caucasian employees were provided extensive training and side-by-side or face-to-face training with one of Defendant's trainers.

14. McCann asked for training – on numerous occasions – and was denied. The only trainer who would work with her was the only African-American trainer, Blake [last name unknown], and he was only able to train McCann with regard to handling COVID related phone calls.

15. In fact, the Caucasian trainers would only send messages back and forth with McCann even though – on some occasions – the trainer would be sitting directly behind McCann.

16. McCann constantly asked for face-to-face training and was simply told that a Caucasian trainer – Rachel [last name unknown] – would sit with her, but that never happened.

17. In or about September 2020, McCann received a call from a father who was asking about private medical information regarding his son. However, the son was over the age of 18 and providing the private medical information could have been a HIPPA violation, so McCann followed policy and procedure – from what little training she was provided – and did not give out the information.

18. On September 18, 2020, McCann was called into a meeting with Tassin Raleigh, Defendant's Patient Connect Manager, who had McCann's termination paperwork waiting. McCann was terminated for allegedly violating policy regarding the above referenced phone call and for not properly escalating the phone call.

19. McCann was not provided with or trained on the alleged policy and procedure that was the basis for her termination.

20. Moreover, there is a competency checklist that is given to new employees to determine their training course and acumen in their position; however, after almost 6 months of employment, McCann was never provided with any sort of checklist or feedback about her performance.

21. McCann internally appealed her termination with the Defendant; however, on November 2, 2020, the Defendant upheld her termination.

22. McCann was terminated 1 week prior to earning $5,000 tuition reimbursement with the Defendant. McCann was – at the time and is currently – enrolled at Indiana Tech working on her Masters in Health Care Administration.

23. McCann was not provided the same training and equipment as similarly-situated Caucasian employees, she was held to different terms and conditions of her employment as compared to similarly-situated Caucasian employees, and she was terminated based on her race.

## V. Causes of Action

### Count I. - Title VII – Race Discrimination Claim

24. McCann hereby incorporates by reference paragraphs one (1) through twenty-three (23) of her Complaint.

25. McCann was not provided the same training and equipment as similarly-situated Caucasian employees, she was held to different terms and conditions of her employment as compared to similarly-situated Caucasian employees, and she was terminated based on her race, African-American.

26. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

27. Defendant's actions were willful, intentional, and done with reckless disregard for McCann's civil rights.

28. McCann has suffered injury as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Latoshia McCann, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of their race;

2. Order that the Plaintiff be awarded back pay, lost wages, including fringe benefits, tuition reimbursement - with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

3. Reinstate Plaintiff to her former position or award front pay in lieu thereof;

4. Award the Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff punitive damages;

6. Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

8. Grant all relief available under the statute(s) for which this action is brought and any other relief as may be just and proper.

Respectfully submitted,

_s/Kyle F. Biesecker_____
Kyle F. Biesecker, Attorney No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:     (812) 424-1001
Facsimile:      (812) 424-1005
E-Mail:          kfb@bdlegal.com
Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

The Plaintiff, Latoshia McCann, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

_s/Kyle F. Biesecker_____
Kyle F. Biesecker, Attorney No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:     (812) 424-1001
Facsimile:      (812) 424-1005
E-Mail:          kfb@bdlegal.com
Attorneys for Plaintiff