UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LATOSHIA MCCANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:21-cv-00111-RLY-MPB |
| ) | |
| DEACONESS HOSPITAL, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR COSTS**

On November 17, 2022, the court granted Defendant's Motion for Summary Judgment on Plaintiff's employment discrimination case. Defendant, as the prevailing party, now moves for costs in the amount of $2,702.91 pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. Plaintiff objects to the videographer fee associated with Plaintiff's videotaped deposition, which totals $1,067.50, arguing the cost was not necessary.

A federal court may tax as costs the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Videotaped depositions fall within this category. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008).

This case centered on a phone call between Plaintiff and a patient's father. The phone call was audio recorded and, after management heard the recording, Plaintiff was terminated. In its motion for summary judgment, Defendant submitted the audio recording of the phone call as well as the audio recordings of her unemployment

insurance appeal hearings, during which she misrepresented the nature of the phone call. Given her previous conduct, Defendant submits it made the strategic decision to pay additional funds for a videotaped deposition, believing that seeing and hearing Plaintiff would have more persuasive force than a written transcript for purposes of trial. Because Defendant intended to use the videotaped deposition of Plaintiff had the matter gone to trial, the court finds the videotaped deposition was necessarily obtained for use in the case. *See Rivers v. Goodwill of Cent. & S. Ind.*, No. 1:18-cv-01017-TWP-MPB, 2020 WL 2849896, at *3 (S.D. Ind. June 2, 2020) (finding that videotaped deposition was necessarily obtained for use in the case because defendant "intended to use the video had the matter gone to trial"); *Dungy-Poythress v. Cmty. Health Network, Inc.*, No. 1:13-cv-01391-WTL-TAB, 2015 WL 1383813, at *1 (S.D. Ind. Mar. 24, 2015) (finding that videotaped depositions were necessarily obtained for use in the case where defendant "intended to play certain parts during trial, believing that seeing and hearing the deposition would be more impactful than simply reading portions of the transcript"). Plaintiff's objection is therefore **OVERRULED**.

Defendant's Motion for Bill of Costs (Filing Nos. 52, 53) is **GRANTED**. The Clerk is directed to tax costs against Plaintiff in favor of Defendant in the amount of **$2,702.91**.

**SO ORDERED** this 20th day of January 2023.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.